THOMAS D. GILBERT V. JOHN HAIRE AND ROBERT A. HAIRE.

*Marshaling assets.*

The first grantee of a portion of mortgaged property has a right to understand that all the rest stands charged with the payment of the mortgage debt before his portion can be resorted to.

Equity will relieve where a party has so enforced his legal rights as to work injustice to another.

Where a foreclosure sale was so managed that advantage was taken of the absence of one who had a lien on a portion of the land, and who had no notice of the proceedings, and the remainder of the land, though it would have abundantly satisfied the whole debt, was bid in at nominal prices, and the portion on which he had a lien was bid in at its full value in order to cut off his equities, it was *held* that equity would relieve, and that the sale should be reopened on petition of the encumbrancer upon his compliance with proper terms, as by giving security that on a re-sale he would bid for the parcels first charged with the satisfaction of the demand a sum equal to its amount, and repay to the foreclosure purchaser all sums spent by him in improving the land since its purchase, less a reasonable rent for that time.

Appeal from Ottawa. Submitted April 9. Decided April 14.

PETITION to vacate foreclosure sale. The petition avers that on June 24, 1856, John Haire mortgaged certain property to Thomas D. and Francis B. Gilbert; that in 1868 the petitioner Burnham received direct and

mesne conveyance of portions of this property free of incumbrance except the Gilbert mortgage, and that he sold the same to W. Herbert Haire, from whom he took in return a mortgage upon them; that on October 28, 1875, complainant Gilbert obtained a decree of foreclosure upon the mortgage which he held, and afterwards assigned the same to Robert A. Haire, who bid off the lands at the foreclosure sale; that the bids for the various parcels not covered by the Burnham mortgage were wholly inadequate, but that the bid for that parcel was for all it was worth. The petitioner alleges that both parties to the foreclosure knew of the mortgage to him, but that no notice was given him of the suit, and he knew nothing of it until long after the sale; and he charges that the sale was a fraud upon his rights, and had the effect of depriving him of his security, and that Robert A. Haire had caused the sale to be made as stated for the purpose of compelling him to redeem at a high price; and he prays that the sale may be set aside and a new sale ordered in the inverse order of alienation. The court granted the petition on certain terms, and defendant Robert A. Haire appealed.

*Godwin & Earle* for petitioner Burnham. A motion for a re-sale on foreclosure may be made by any person injured by the sale, though not a party to the suit, Thomas on Mortgages 341; 2 Jones on Mortgages §§ 1668–70; *Collier v. Whipple* 13 Wend. 226; *Gould v. Mortimer* 26 How. Pr. 167; *Hoppock v. Conklin* 4 Sandf. Ch. 582; *Brown v. Frost* 10 Paige 243; *McCotter v. Jay* 30 N. Y. 80; *Smith v. A. M. Life Co.* Clark Ch. 307; *Am. Ins. Co. v. Oakley* 9 Paige 259; *Nicholl v. Nicholl* 8 id. 349; *Savery v. Sypher* 6 Wall. 157; *May v. May* 11 Paige 201; *Fergus v. Woodworth* 44 Ill. 374.

*Edwin Baxter* for appellant R. A. Haire. A subsequent incumbrancer is not affected by the sale of property on foreclosure if the complainant had notice of his right and did not make him a party, *Frische v. Kramer's Lessee*

16 Ohio 125; *Baker v. Pierson* 6 Mich. 522; *Carpentier v. Brenham* 40 Cal. 221; *State Bank of Wisconsin v. Abbott* 20 Wis. 570; *Goodenow v. Ewer* 16 Cal. 461; *Brainard v. Cooper* 10 N. Y. 356; *Gage v. Brewster* 31 N. Y. 218; a subsequent incumbrancer cannot attack a foreclosure sale until he has exhausted his personal remedy against the debtor(2 Jones Mortgages § 1669) or at least established his claim against him by judgment, *Boggs v. Hargrave* 16 Cal. 559; if a party to a foreclosure seeks to disturb the sale, he must show diligence on his part and fraud upon his rights, *White v. Coulter* 1 Hun 357; *Whitbeck v. Rowe* 25 How. Pr. 403.

COOLEY, J. No one disputes that Mr. Burnham, the petitioner, had a legal right to have all the other lands which were embraced in the Gilbert decree sold for its satisfaction, before resort should be had to the parcel upon which Burnham himself had a lien. • This parcel was the first which John Haire, the mortgagor in the Gilbert mortgage, had alienated after that mortgage was given, and by a well-settled principle of equity Burnham had a right to understand that all the remainder stood first charged with the payment of the Gilbert debt. *Cooper v. Bigly* 13 Mich. 463; *McKinney v. Miller* 19 Mich. 142.

It is equally unquestionable that by the management of Robert A. Haire, who had bought the Gilbert decree and directed the sale under it, Burnham has been deprived of the benefit of this equitable principle. The lands were indeed sold under the decree in the proper order; but taking advantage of Burnham's ignorance of the sale and absence from it, all the other parcels were bid in by Robert A. Haire for comparatively insignificant sums, while the parcel which constitutes Burnham's security was sold and bid in for all it was worth. In that way more than one-half the decree was satisfied by the sale of a parcel not worth more than one-fifth as

much as the remainder, and this the very parcel that should not have been sold at all until all the rest had been fairly applied. It is impossible to doubt that this arrangement was deliberately planned in order to cut off equities which were well known and understood; and it was peculiarly unjust, since Burnham had not been made a party defendant to the Gilbert foreclosure, and had no reason to expect that his just right to redeem would be cut off under that decree, when the property chargeable in advance of his for its satisfaction was worth at least three times as much as was due upon it. It is idle to say that Burnham has lost no right by the sale; for though his right to redeem has still a nominal existence, yet unless he can redeem all the lands and be subrogated to the rights of Robert A. Haire, which would be vigorously contested, the right would be merely nominal, and utterly worthless.

Under such circumstances equity would become an instrument of gross oppression should it refuse relief. It is not necessary in giving it that Robert A. Haire should be charged with and convicted of a legal fraud; it is sufficient that he has so enforced his legal rights as to work a gross injustice. The mortgaged lands, which were a security for the payment of the Gilbert decree in advance of the parcel which constituted Burnham's security, were worth from $12,000 to $15,000, and were sold for less than $2500. The inadequacy of price is so great as to shock the moral sense; and the sale should be opened without hesitation on the petitioner complying with suitable terms. *Bullard v. Green* 10 Mich. 268.

The circuit court required Burnham to give ample security that on a resale he would bid for the parcels which were first charged with the satisfaction of the Gilbert decree a sum equal to its amount; and also for the payment to Robert A. Haire of all sums expended by him in improvements on the premises since his pur-

chase, less a reasonable rent for the premises for that time. On these conditions the sale was set aside and a resale ordered.

The order is strictly equitable, and must be affirmed with the costs of this court.

The other Justices concurred.