GEORGE A. CROSS v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

*Negligence—Defective way across depot grounds—Hole proximate to traveled path—Evidence—Failure of party to produce witness—Comment of counsel.*

1. It is the duty of a railway company to keep in a reasonably safe condition a *recognized* way used by the public in going to and from its depot.

2. A hole so near a *recognized* way, used by the public in going to and from a railroad depot, that a man in the "ordinary aberrations of travel" might fall into it, should be guarded by the company to prevent such an accident.

3. The testimony of a civil engineer in a negligence case that a hole near a traveled way "was a dangerous place, and needed protection," falls within the rule laid down in *Laughlin v. Railway Co.*, 62 Mich. 220, and is competent.

4. While counsel has the right to make proper comments to the jury upon the absence of a material witness for the opposing party, he cannot call upon the court to instruct the jury that such absence militates against such party.

Error to Washtenaw. (Joslin, J.) Argued February 15, 1888. Decided April 13, 1888.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Weaver & Weaver* (*George C. Greene* and *Oscar G. Getzen-Danner,* of counsel), for appellant.

*Sawyer & Knowlton,* for plaintiff.

MORSE, J. The plaintiff sues for injuries received by a fall into a hole upon the station grounds of the defendant at Pittsford, Michigan.

On the second day of October, 1885, the plaintiff, a passen-

ger on defendant's train, reached Pittsford in the night. It was dark and rainy. He lived at Chelsea. Went to Pittsford that day, and took passage on defendant's road to Hillsdale. When he returned to Pittsford there were no lights about the grounds outside of the depot. A Mrs. Cole was with him. They left the depot to go to her residence. To reach the main street of the village, they had to travel east from the depot. On his way, and while on the grounds of the company, he fell into a hole about two feet and eight inches deep, permanently injuring his ankle. The accident happened about midnight. Mrs. Cole fell into the same hole.

The station-house of the defendant is about 30 rods west of the main portion of the village. The railroad runs nearly east and west, bearing somewhat to the north as it goes to the west. The principal streets of the village are State and Market, crossing each other at right angles some 10 or 15 rods to the north of the railroad. Market street, running east and west, extends to the station grounds.

A few feet to the west is the culvert, at the end of which is the hole into which the plaintiff fell. The railroad track or right of way intersects the south line of Market street, cutting it off, and reducing its width to about 36 feet at its extreme west end. The station building is on the north side of the railroad track, and the distance from the passenger depot to the west end of Market street is about 235 feet. From the west end of this street there is a wagon way, running westerly along the north side of the railway, north of the station building, and still on west to a north and south highway or village street; this route, by the consent of the defendant company, being used by the people of the village and the surrounding country as a public highway past the station, as well as a means of ingress and egress to and from the depot. There are no other means of direct access to the depot by wagons, from the west. Along the east end of the

depot is a platform over which passengers go to and from the cars. Near the north end of this platform is a gravel and timber walk, extending easterly in a direct line to the south side of the west end of Market street. This walk has been there some 15 years, and was constructed of timbers 5 by 10 inches set up edgewise, and filled in between solid with gravel, making a walk somewhat elevated above the ground on either side. This walk was built by the railway company, and kept up by it, for the use of footmen coming to and going from the depot. On the north side of Market street there is, and had been for some years, a plank sidewalk, extending from State street to the railway grounds. This was used by many people passing to and from the depot.

It is claimed by the defendant that there was a gravel walk on the south side of Market street, commencing at the termination of the timber and gravel walk of the defendant, and running easterly to State street; but this is denied by the plaintiff. The evidence fails to disclose any considerable travel along the south side of Market street. The testimony shows that the bulk of the foot travel, for many years, to the depot, from the east, came along the plank sidewalk on the north side of Market street, and then diagonally across the wagon road and the culvert to a point on defendant's timber walk, near two trees, and then on the timber walk to the depot; that the same route was used in going from the depot, not only by the public generally, but by the station agent and other employés of the railroad.

It is claimed by the defendant that at the west end of Market street the railroad company had for many years maintained a walk, running nearly north and south, connecting the plank walk on the north side of Market street with the east end of the timber and gravel walk of the defendant. This is denied by the plaintiff. The evidence of the witnesses in his behalf tended to show that at the time of the accident, and for a long time prior thereto, this walk, if it

ever existed, had been sunken out of sight, and gone out of use; also that the timber and gravel walk of the defendant, terminating at the south side of the west end of Market street, from such terminus west to the two trees, was never used by passengers to any great extent, and at the time of the injury to plaintiff had gone to decay, and was not safe, by reason of holes in it, in the night time, and had not been used for some time.

The testimony of plaintiff's witnesses also tended to show that between this diagonal path and the west end of Market street, and north of the east end of the timber and gravel walk, there was, in wet weather, a mud-hole, which, at the time of the accident, extended so far to the north as to crowd the diagonal path nearer the culvert hole than usual, the travel then being within two feet of it. This hole was not barricaded or otherwise guarded, nor was its presence indicated by any light or other signal.

The main controversy turns upon the right of passengers coming to or leaving defendant's train to use this diagonal path or traveled way. It was insisted upon the trial below, and it is also argued here, that the railroad company had provided a convenient and reasonably safe means of egress from its cars and station by the way of the timber and gravel walk, and the cross-walk from that to the plank walk on the north side of Market street; that by so doing the company had fulfilled its whole duty to the public and to its passengers, and, if the plaintiff was injured in an attempt to reach the village by some other route, he can have no remedy against the defendant.

In accordance with this theory, the defendant's counsel requested the circuit judge to charge that—

"If the plaintiff left the gravel walk, and went diagonally across toward the plank walk, and in so doing fell into this excavation, he cannot recover;"—

And in other requests asked instructions of similar import.

The court refused to so charge the jury, but instructed them, in substance, that if the defendant had, without objection, notice, or protest, permitted its passengers to cross its depot grounds on this diagonal line or walk, then it was its duty to keep its grounds along and near such walk or way in reasonably safe condition for the coming and going of its passengers, by guards, fences, and lights, so as to enable such passengers to avoid any hole or other obstruction by, on, or in which such passengers might be injured; and if the fact of the permission of such use was found, as aforesaid, it made no difference that there was another and safer way by which the plaintiff might have passed out.

That if this diagonal way had been a public and common way, to the knowledge of the defendant, for any considerable length of time, so that it became one of the ways, recognized by the company and its agents, to go to and from its depot, then it was its duty to keep it reasonably safe to go and come upon, the same as it would a route which it had actually provided;—

. "And the simple fact that they had provided another way by which every passenger could have gone, and some did go, is not a question at issue in this case."

I find no conflict in the evidence as to the following facts:

1. The hole into which plaintiff fell was upon the station grounds of the defendant.

2. It was left entirely unguarded, by night or by day.

3. The diagonal way was traveled by nearly all the people coming from or going to the depot.

4. No objection was ever made by the railroad company, or any of its agents, to its use. The employés of the defendant used it, and it was recognized as the most common way of all, and was by usage and implied permission, at least, one of the regular ways to and from the depot.

The jury were undoubtedly correct in the finding of facts, and the court was right in his theory of the law.

This diagonal walk being a recognized way to and from

the depot, it was the duty of the defendant to keep it reasonably safe. 1 Ror. R. R. 476; Smith, Neg. (2d ed.) *126, *188; Cooley, Torts, 605; *Delaney v. Railway Co.*, 33 Wis. 67; *Hulbert v. Railroad Co.*, 40 N. Y. 145; *Dillaye v. Railroad Co.*, 56 Barb. 30; *Gaynor v. Railway Co.*, 100 Mass. 208; *Tobin v. Railroad Co.*, 59 Me. 183; *Hoffman v. Railroad Co.*, 75 N. Y. 605; *Cartwright v. Railway Co.*, 52 Mich. 606 (18 N. W. Rep. 380).

The hole in question was near enough this diagonal walk, if the testimony upon the part of the plaintiff was accepted by the jury, that a person traveling the same might, by making a false step, or by stumbling from the path, fall into it. In such case the defendant would be liable for the injury, if proper care was exercised by the plaintiff. *Hardcastle v. Railway Co.*, 4 Hurl. & N. 67; *Barnes v. Ward*, 9 C. B. 392; *Hadley v. Taylor*, 1 L. R. C. P. 53; Cooley, Torts, 660; Wood, Nuis. § 271; 1 Add. Torts, § 245; *Pickard v. Smith*, 10 C. B. (N. S.) 470; *Bishop v. Trustees*, 1 El. & El. 697; *Wilkinson v. Fairrie*, 32 Law J. Exch. 73; *Binks v. Railway Co.*, 32 Law J. Q. B. 26; *Hounsell v. Smyth*, 29 Law J. C. P. 203; *Wettor v. Dunk*, 4 Fost. & F. 298; *Indermaur v. Dames*, 1 L. R. C. P. 274.

The situation of this hole, its proximity to the traveled path, and whether the plaintiff was negligent in falling into it, were questions of fact for the jury, and were properly submitted to them.

The court did not err in instructing the jury that it was a question of fact for them to determine, if they found this diagonal way a common one, and the defendant permitted passengers to use it, whether or not the defendant should have kept some guide, guard, or light, or some way by which a man would be kept out of it. It was for the jury to locate this hole in its relation to the pathway; and if they found it so near the way that a man, in the "ordinary aberrations of

travel," might fall into it, then, as a matter of law, it should have been guarded.

The defendant cannot complain, because, under all the evidence, this hole was upon the station grounds of the company, and near enough to be dangerous to persons traveling the diagonal way at night. The court could have safely told the jury that, if they found this way recognized and permitted by the railroad company, it was negligence in the defendant leaving it in the condition it was.

There was no error in the admission of evidence. The testimony of the civil engineer (Davis) that this hole was a dangerous place, and needed protection, comes squarely within the rule settled in this State in the case of *Laughlin v. Railway Co.*, 62 Mich. 220 (28 N. W. Rep. 873.)

Mrs. Cole, who was injured at the same time by falling into this same hole, was not called by the plaintiff as a witness in his behalf, and she did not testify upon the trial. The defendant's counsel requested the court to charge the jury—

"That the failure of the plaintiff to call Mrs. Cole—the unexplained failure—is a matter that the jury may take into consideration as to whether or not her testimony would have hurt plaintiff if he had called her."

The court refused to so charge, and said:

"It would be, in my opinion, equally forcible if the other side should ask me to charge that, because the defendant failed to bring Mrs. Cole here, her evidence would have been against them, and she would swear as Cross has. The presumption is as much one way as the other."

We think the court was correct in his refusal, and right as to the presumption. If she was within reach of the process of the court, either party had, as far as the record shows, equal facilities for bringing her into court as a witness; and the mere fact that either failed to do so raised no presumption that she would testify against their particular theory of

the accident.   But there was nothing to show that she was accessible as a witness.   The counsel for the defendant had the right to make such proper comments upon her absence as the facts warranted, but he had no right to call upon the court to instruct the jury that her absence militated against the plaintiff, or that they might guess that she was not called by him because her version of the transaction would have hurt his case.

Neither do we think that the story told by the court had any tendency to injure the defendant.   The propriety of it may well be doubted, but we are not prepared to hold that its recital or application was harmful error.

The case, under the conceded facts, seems to be a plain one, and we have no doubt that the finding of the jury was correct, and the case fairly tried and correctly submitted, under the law, by the court.

The judgment is therefore affirmed, with costs.

SHERWOOD, C. J., and LONG, J., concurred.   CHAMPLIN, J., did not sit.