### MACKLEM v. WARREN CONSTRUCTION COMPANY.

1. WITNESSES—INFERENCES ON FAILURE TO CALL CORROBORATING WITNESS.

The failure of a party to call a corroborating witness merely raises an inference of fact in favor of the opposite party but would not justify a reversal of finding made by the court below in favor of the uncorroborated party.

2. MORTGAGES—FORECLOSURE—ORAL EXTENSION OF REDEMPTION.

Verbal extensions of periods of redemption from mortgage foreclosure sale are not within the statute of frauds, hence, are enforceable, where established by a preponderance of evidence.

3. SPECIFIC PERFORMANCE—BURDEN OF PROOF—EVIDENCE.

Plaintiff *held*, to have failed to sustain his burden of proof in suit for specific performance of alleged verbal extension of period of redemption from mortgage foreclosure sale.

---

REFERENCES FOR POINTS IN HEADNOTES.

[1] 20 Am Jur, Evidence §§ 187, 188.
[1] Presumption or inference from party's failure to produce witnesses within his control, as affected by his introduction of some evidence on the matter in question. 135 ALR 1375.
[2] 49 Am Jur, Statute of Frauds § 203.
[2] Effect of oral agreement to enlarge time for redemption from sale under mortgage or other lien on real property. 54 ALR 1207.
[3] 49 Am Jur, Specific Performance § 167.
[4] 3 Am Jur, Appeal and Error §§ 815, 895.
[5] 37 Am Jur, Mortgages §§ 711–713.
[5] Sale under power in mortgage or trust deed as affected by inadequacy of price. 8 ALR 1001.

4. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—CREDIBILITY OF WITNESSES.

The Supreme Court reviews a chancery case *de novo* but does not substitute its judgment for that of the trial judge who heard and saw the witnesses, where the issue is basically one of credibility.

5. MORTGAGES—FORECLOSURE—SALE—INADEQUACY OF PRICE.

Inadequacy of price alone will not vitiate an otherwise fair and regular statutory mortgage foreclosure sale.

6. COSTS — MORTGAGE FORECLOSURE SALE — APPEAL — INADEQUATE PRICE.

No costs are allowed appellee who obtained property worth about $15,000 for approximately $3,000 at statutory foreclosure sale of mortgage upon affirmance of appeal.

Appeal from Wayne; Brennan (Leo J.), J., presiding. Submitted June 9, 1955. (Docket No. 43, Calendar No. 46,538.) Decided October 3, 1955.

Bill by Avery C. Macklem against Warren Construction Company, a Michigan corporation, for specific performance of alleged agreement to extend period to redeem property on mortgage foreclosure. Bill dismissed. Plaintiff appeals. Affirmed.

*David M. Miro,* for plaintiff.

*Tilden M. Gallagher,* for defendant.

BUTZEL, J. Avery C. Macklem, plaintiff, brought suit against the Warren Construction Company, a Michigan corporation, for specific performance of a verbal agreement which he alleged provided for a 30-day extension of the redemption period of 1 year after a foreclosure of a mortgage by advertisement.

For some years plaintiff owned a 2-family flat centrally located in the city of Detroit. He had received a deed to the property from one of his parents who had previously owned it for a considerable

length of time. He occupied the upper flat with his 91-year-old mother and rented the lower flat for $80 per month. There was a mortgage of some $750 on the property. It appears that plaintiff failed to pay the interest on the mortgage for many years and the mortgage was in default, so that the amount bid in at the sale by defendant was $1,405.21 which was sufficient to fully pay the amount due. In addition, plaintiff failed to pay taxes aggregating $1,-396.25 which defendant has also paid. It is stipulated by the parties that the property is worth $15,-000.

The mortgage was foreclosed and the 1-year equity of redemption expired on October 10, 1953. However, plaintiff claims in his sworn bill of complaint as well as in his testimony that on or about October 2, 1953, he called Vincent Lukas, president of the defendant company, and asked him for a 30-day extension of the redemption period during which he could make arrangements to pay the amount necessary to redeem including taxes paid by defendant. This amounted *in toto* to $3,004.85, including interest to the date of tender. Plaintiff claims that Lukas agreed to such an extension and on October 26, 1953, plaintiff deposited with the county clerk the amount necessary to redeem the property. Lukas absolutely denied that there was a telephone call and the agreement.

Was there or was there not such an agreement? Who is telling the truth? This is the sole question in this case, and it was answered in defendant's favor by the court below.

In reaching a conclusion all of the testimony and surrounding circumstances must be considered. Both plaintiff and Lukas were experienced in the real estate field, particularly in regard to foreclosures. Plaintiff is a real-estate broker and for some 8 years was employed in the State land office board in charge

of collections and foreclosures. He claims that he knew Lukas because the latter had bought considerable property through the State land office board and had appeared before plaintiff a number of times. Lukas, an attorney, first said that his sole contact was with the auctioneer, and then only upon a few occasions, but in later testimony extended the number of times to 2 or 3 dozen and finally stated he had bought some 300 lots in all. Of course, there might have been a large number of lots sold as 1 or more parcels.

Plaintiff undoubtedly knew what his rights were. He found out by examining the records that defendant had purchased the property at the foreclosure sale, the regularity of which is not questioned. Early in the redemption period he made arrangements to refinance the mortgage but apparently he never followed through. He testified that during the period of the alleged extension of time he borrowed $2,000 from one Harold McGregor which, in addition to $1,000 of his own, was sufficient to pay the amount required. This, however, was not entirely consistent with the testimony of plaintiff's witness, one Harry Rott. Rott testified that he advanced the $3,000 which was paid into court and that plaintiff did not pay it because the McGregor loan was to have been repaid in 30 days. Just what plaintiff did in regard to the $1,000 he testified he had is not shown by the record. Rott also testified that he was present on one occasion when Lukas appeared before the State land office arbitration board of which plaintiff was a member, and that it was exceedingly improbable that Lukas did not recognize plaintiff or had not seen him prior to this litigation. Rott further testified as to a phone conversation with Lukas on October 23, 1953, regarding this whole matter. There was some question as to how Lukas' phone number was ascertained on that occasion. Rott was apparently mis-

taken insofar as he testified that he obtained it from the phone directory, at least under the name he claimed he knew Victor Lukas by.

Lukas claimed that at the time of the alleged agreement over the telephone he was not at his office and had not been there the entire week; that defendant was moving its offices to a larger space in the same building that previous summer and, because of the limited space in the temporary quarters occupied that summer, he had taken his books and files home and had not yet returned them at the time of the alleged extension agreement; that consequently, having been notified that an income tax examiner would come to examine his returns, he had remained home to review his records and files. He thus claims that he was away from his office for a week at the time the alleged conversation and agreement took place.

It would seem improbable that a person with a large business would remain incommunicado from his office for an entire week when he was at home in the city. He could have corroborated such vital testimony by someone from his office or home, or the income tax examiner, but did not see fit to do so. Plaintiff cites us to the rule that failure to produce evidence within a party's control raises a presumption or inference that if produced it would operate against him. See *e.g., Brandt* v. *C. F. Smith & Co.,* 242 Mich 217; *Leeds* v. *Masha,* 328 Mich 137; *Gibbons* v. *Delta Contracting Co.,* 301 Mich 638; *Griggs* v. *Saginaw & Flint Railway Co.,* 196 Mich 258. However, we have also stated in *Cole* v. *Lake Shore & Michigan Southern R. Co.,* 81 Mich 156, 161, 162:

"But the mere omission of a party to call a witness, other than the party himself, who might with equal propriety have been called by the other party, is no ground for a presumption that the testimony of the witness would have been unfavorable."

Without discussing the specific applicability of these rules to a case such as this where the evidence not produced would have been corroborative, it is evident that even if applied to these facts, merely an inference of fact results in favor of the plaintiff. It does not, in and of itself, justify a reversal of the finding made by the court below that the plaintiff "failed to meet the burden of proof showing any extension whatsoever of the statutory period of redemption from foreclosure of the mortgage involved herein."

While such verbal extensions are not within the statute of frauds and thus are enforceable, *Moore* v. *Muskegon Trust Co.,* 286 Mich 21, they must be established by a preponderance of the evidence and a plaintiff's inattention and indifference to his rights weighs against him. See *Chauvin* v. *American State Bank,* 242 Mich 269; *Markoff* v. *Tournier,* 229 Mich 571. We review a chancery case *de novo* but cannot in this instance substitute our judgment for that of the trial judge who heard and saw the witnesses. This is especially so in a case such as this where the issue is basically one of credibility, and as the judge found, plaintiff and his witness made statements that were at best doubtful.

Plaintiff asks that we grant relief because of the inadequacy of the bid price in relation to the stipulated worth of the dwelling. We have held that inadequacy of price alone will not vitiate an otherwise fair and regular statutory foreclosure sale. *Carlisle* v. *Dunlap,* 203 Mich 602; *Cameron* v. *Adams,* 31 Mich 426; *Moss* v. *Keary,* 231 Mich 295; *Blackwood* v. *Sakwinski,* 221 Mich 464 (29 ALR 1314); *Postal* v. *Home State Bank for Savings,* 284 Mich 220; *Guardian Depositors Corp.* v. *Keller,* 286 Mich 403. We have apparently relaxed this rule in cases where the foreclosure was by decree rather than by statutory advertisement. *Michigan Trust Co.* v.

*Cody,* 264 Mich 258; *Cameron* v. *Adams, supra;* see *Gilbert* v. *Haire,* 43 Mich 283. The foreclosure in this case was by advertisement.

We are sympathetic with the plight of the plaintiff and his aged mother in this needless loss of their home through the harsh and almost cruel insistence of defendant upon his bargain. However, as the court found after seeing and hearing the witnesses, plaintiff has not sustained the burden of proof.

We are constrained to follow the law as cited and must affirm the judgment of the court below dismissing plaintiff's bill of complaint. On account of the nature of this case, we award no costs.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY. JJ., concurred.