**UNITED STATES of America,
Plaintiff,**

v.

**Marion H. MacKENZIE, P & M Enterprises, a corporation, dba Nevada Refrigeration & Fixture Co., Albert E. MacKenzie, Jr., Emily C. MacKenzie, his wife, and Nevada Title Guaranty Company, a corporation, Defendants.**

**Civ. No. 1794.**

United States District Court,
D. Nevada.

Feb. 4, 1971.

Bart M. Schouweiler, U. S. Atty., and Raymond B. Little, Asst. U. S. Atty., Reno, Nev., for plaintiff.

Halley & Halley, Reno, Nev., Diehl & Recanzone, Fallon, Nev., for defendants.

MEMORANDUM OPINION

BRUCE R. THOMPSON, District Judge.

On December 23, 1969, this Court entered a judgment of foreclosure against

real property owned by defendant Marion H. MacKenzie encumbered by a deed of trust for the benefit of the Small Business Administration, an agency of the United States. On March 3, 1970, on foreclosure sale, the property was purchased by the Small Business Administration for $34,000. On June 18, 1970, plaintiff moved for entry of a deficiency judgment for $89,907.35, which includes interest computed through March 3, 1970. The amount of deficiency claimed is not in dispute. Defendant Mac-Kenzie, however, disputed the adequacy of the sale price on foreclosure which resulted in a credit against the original obligation of $34,000 and requested a hearing on the adequacy of the price pursuant to N.R.S. 40.457, 40.459. On June 30, 1970, the Court entered an order confirming the sale and set the dispute regarding the allowable amount of the deficiency judgment for hearing. At the hearing, it was stipulated that the appraised fair market value of the subject property at the date of foreclosure sale was $50,550, an amount $16,-550 in excess of the foreclosure price. Defendant MacKenzie contends that the Nevada statutes cited require credit against the deficiency in this additional amount.

The foreclosure of federal mortgages and trust deeds is governed by federal law and the Nevada statutes are inapplicable to limit federal substantive rights which affect the value of the security. United States v. View Crest Garden Apts., Inc., 268 F.2d 380 (9th Cir. 1959); United States v. Walker Park Realty, Inc., 383 F.2d 732 (2nd Cir. 1967). Hence, this court is not controlled by the Nevada statute which prohibits a deficiency judgment for more than the difference between the fair market value of the property at date of foreclosure sale and the amount due under the obligation secured. The post-

sale proceedings in this court were, nevertheless, authorized under the general equity powers of the Court to avoid a forfeiture occurring by reason of the inadequacy of the sale price on foreclosure. Herlong-Sierra Homes, Inc. v. United States, 358 F.2d 300 (9th Cir. 1966); Magnolia Springs Apartments, Inc. v. United States, 323 F.2d 726 (5th Cir. 1963). A sale under foreclosure may be set aside or an adjustment made in the entry of a deficiency judgment if the inadequacy of the price obtained on foreclosure was so gross as to shock the conscience. United States v. Wells, 403 F.2d 596 (5th Cir. 1968); Magnolia Springs Apartments, Inc. v. United States, *supra*. In applying this principle, we must overcome an initial inference that the amount obtained on a public foreclosure sale, fairly conducted, represents the fair market value of the property, bearing in mind that the potential market is not limited to those persons who see the official publication of notice of sale. The owner of the property being foreclosed will have had prior knowledge of the prospective sale and, in the exercise of prudence, will have sought to interest prospective purchasers in the property.

The stipulation of fair market value in this case was based on a compromise of appraisals obtained by the Government and by the defendant which were so close as not to justify further litigation. The difference of $16,550 between the sale price and the fair market value is not so gross as to shock the conscience or to overcome the inference that the price obtained on public sale represented the then fair market value.

Accordingly, a deficiency judgment shall be entered for the sum of $89,907.-35, together with interest accruing after March 3, 1970, at five and one-half per cent (5½%) per annum until paid.