Norman N. GOTTLIEB, Plaintiff,

v.

Barbara A. McARDLE, in her official capacity of Deputy Sheriff of Genesee County and the United States of America, Defendants.

Civ. A. No. 83–CV–8381–DT.

United States District Court,
E.D. Michigan, S.D.

March 2, 1984.

Frumeth Brenda Hirsh, Flint, Mich., for plaintiff.

Ellen G. Ritterman, Detroit, Mich., for defendants.

MEMORANDUM OPINION

FEIKENS, Chief Judge.

Plaintiff seeks mandamus compelling defendant Barbara A. McArdle to deliver a deed to him for the River Bend Club Apartments. Defendants have brought a motion to dismiss, or in the alternative, a motion for summary judgment. Plaintiff alleges that dismissal or summary judgment

should not be granted in this case. For the reasons stated herein, I grant defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I.  BACKGROUND

The Department of Housing and Urban Development ("HUD") holds a mortgage on the River Bend Club Apartments. In mid-1983, HUD began foreclosure proceedings on the property because the mortgage was in arrears.

The foreclosure sale was to be conducted by advertisement under Michigan law. HUD began the foreclosure proceedings by publishing advertisements in the Legal News on five occasions. The Legal News was instructed to send copies of these advertisements to B & L, a company operated by defendant McArdle. McArdle is a Deputy Genesee County Sheriff, and she was authorized to conduct the sale or post any adjournment notices.

On July 15, 1983, HUD sent a letter to B & L, advising McArdle that the sale should be adjourned for one week. McArdle never received this letter.

On July 22, 1983, McArdle went to the Genesee County Courthouse to conduct numerous foreclosure sales, including the sale of the River Bend Club Apartments. Although McArdle had paperwork for several other sales, she did not have a deed for the River Bend Club Apartments.

Plaintiff's agent attempted to tender a check for $25,000.00 to McArdle for the River Bend Club Apartments. McArdle did not accept this bid. Rather, she called HUD to find out why there was no paperwork for the River Bend Club Apartments. HUD informed McArdle of the July 15, 1983, letter, and advised her to adjourn the sale. McArdle then prepared a notice of adjournment which she posted at approximately 11:25 a.m.

## II.  FINDINGS

### A.  *Adjournment of Sale*

Defendants attempted to conduct the foreclosure sale by advertisement in accordance with M.C.L.A. § 600.3200 *et seq.*

Under M.C.L.A. § 600.3220, a mortgagee may adjourn a sale for one week at a time. The statute provides:

Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

The statute requires that notice of adjournment be posted "before or at the time of and at the place where said sale is to be made...." The sale of the River Bend Club Apartments was scheduled to begin at 11:00 a.m., and McArdle posted the adjournment notice at 11:25 a.m.

Defendants argue that the sale was properly adjourned under this statute because McArdle posted the notice at the approximate time of the sale. Plaintiff, on the other hand, asserts that the adjournment was ineffective because the notice was posted twenty-five minutes after the sale was scheduled to begin.

■ Plaintiff has cited no authority for the proposition that "at the time of ... said sale" refers to the exact moment at which the sale was scheduled to begin. A more reasonable construction of the statute is that the time of the sale refers to the time at which the sale was scheduled to begin, plus a reasonable period thereafter during which the sale would have occurred but for the adjournment. In the instant case, a period of twenty-five minutes should not render the adjournment ineffective, particularly in light of the fact that McArdle had to place several phone calls to inquire about the deed for the apartments. I

therefore find that when McArdle posted the adjournment notice at 11:25 a.m., the posting was made "at the time of . . . said sale" within the meaning of M.C.L.A. § 600.3220.

Moreover, plaintiff can claim no prejudice by the fact that the adjournment notice was posted at 11:25 rather than at 11:00. Two appraisals of the apartments place its fair market value at $2,500,000.00 and $1,865,000.00, respectively. HUD has asserted, by affidavit, that its usual practice is to submit a bid at a foreclosure sale of this nature, and that if the sale had not been adjourned, HUD would have bid approximately $1,579,000.00 for the apartments. Thus, the only effect of the allegedly improper adjournment was to deprive plaintiff of the opportunity to purchase a piece of property worth over one and a half million dollars for $25,000.00.

Based upon a reasonable interpretation of the adjournment statute and the lack of prejudice in this case, I find that the sale was properly adjourned under M.C.L.A. § 600.3220. Because there was never an actual sale, plaintiff is not entitled to a deed for the River Bend Apartments, and defendants' motion for summary judgment should be granted.

B. *Setting Aside the Sale*

■ Assuming, *arguendo*, that the adjournment was improper, and that a sale of the apartments therefore occurred on July 22, 1983, I would nevertheless grant defendants' motion for summary judgment. Defendants would prevail even under these circumstances because the sale would be set aside.

Courts generally apply federal law in determining the remedies available to the United States upon default of a federally held mortgage. *See United States v. Scholnick*, 606 F.2d 160 (6th Cir.1979); *United States v. View Crest Garden Apartments, Inc.*, 268 F.2d 380 (9th Cir. 1959); *United States v. MacKenzie*, 322 F.Supp. 1058 (D.Nev.1971). The reason for applying federal law under these circumstances is to promote the security of federal investments and to facilitate the building

of homes by the use of federal credit. *View Crest Garden Apartments, Inc., supra*, at 383. As the United States Court of Appeals for the Sixth Circuit stated in *Scholnick, supra:*

> [I]n any consideration of remedies available upon default of a federally held or insured loan, federal interest predominates over state interest. [Citations omitted.] This rule obtains because of an overriding federal interest in protecting the funds of the United States and in securing federal investments, thereby promoting the purposes of the National Housing Act. [Citation omitted.] Local rules that limit the effectiveness of remedies available to the United States are not to be adopted.

606 F.2d at 164.

■ Based upon the foregoing, whether the sale should be set aside in the instant case should be determined by federal law. Under federal law, a foreclosure sale may be set aside if the inadequacy of the price obtained on foreclosure is "so gross as to shock the conscience." *United States v. Wells*, 403 F.2d 596 (5th Cir.1968); *Magnolia Springs Apartments, Inc. v. United States*, 323 F.2d 726 (5th Cir.1963); *United States v. MacKenzie, supra*. A price of $25,000.00 for property worth over one and a half million dollars clearly satisfies this test. Therefore, even if there were a sale on July 22, 1983, I find that the sale should be set aside.

■ It has been suggested that whether the sale should be set aside should be determined by Michigan law because the foreclosure was conducted in accordance with Michigan statutory procedures. Assuming, *arguendo*, that Michigan law governed this issue, I would nevertheless grant defendants' motion for summary judgment.

■ An inadequate sale price, in and of itself, is an insufficient ground for setting aside a foreclosure sale by advertisement under Michigan law. *MacKlem v. Warren Construction Co.*, 343 Mich. 334, 72 N.W.2d 60 (1955); *Postal v. Home State Bank for Savings*, 284 Mich. 220, 279 N.W. 488 (1938). In order for such a sale to be set aside, there must be both a grossly

inadequate sale price and some other defect such as fraud, mistake, unfairness, or irregularity. *See Carlisle v. Dunlap*, 203 Mich. 602, 169 N.W. 936 (1918).

There was an irregularity in the instant case when McArdle failed to receive the letter from HUD. As a result of this irregularity, HUD did not bid for the property at the sale. This defect in the foreclosure proceedings was substantial because HUD would have bid approximately $1,579,000.00 for the apartments but for its belief that the sale would be adjourned. Thus, even assuming that Michigan law governed the issue of whether the sale should be set aside, defendants' motion for summary judgment should be granted.

## III. CONCLUSION

There was no sale of the River Bend Club Apartments on July 22, 1983, because the sale was properly adjourned pursuant to M.C.L.A. § 600.3220. Assuming, *arguendo*, that there was a sale on that date, I find that the sale should be set aside. Accordingly, plaintiff is not entitled to a deed for the River Bend Club Apartments, and defendants' motion for summary judgment is granted.

An appropriate order may be submitted.