CAVANAGH, J.
(dissenting). While I tend to agree that the trial court initially erred under existing law when it concluded that plaintiff was entitled to an adverse presumption,[1] I am not as convinced as the majority that the trial court ultimately erred when it instructed the jury that it could infer that the missing evidence was unfavorable to defendant.[2] Moreover, even assuming that the trial court erroneously instructed the jury, I would conclude that the error was harmless.
Here, the jury found that defendant was not negligent under the Federal Employers’ Liability Act (FELA), 45 USC 51 et seq. The jury also concluded that the handbrake in question was in proper condition and safe to operate without unnecessary danger of personal injury as required by the Federal Locomotive Inspection Act (FLIA). See 49 USC 20701(1). However, the jury found that the Federal Safety Appliance Act (FSAA), *90 specifically 49 USC 20302(a)(1)(B), had been violated because the handbrake was inefficient. On the facts before us, I fail to see how the perceived error in this case resulted in such unfair prejudice to defendant that permitting the jury’s verdict to stand would be inconsistent with substantial justice. In my view, the jury could have reached its verdict without the aid of the trial court’s arguably erroneous instruction. The jury could have concluded that defendant was not negligent and that the handbrake, even though not unnecessarily dangerous, was nonetheless inefficient.[3] Accordingly, I must respectfully dissent.
Kelly, J., concurred with Cavanagh, J.

 See Trupiano v Cully, 349 Mich 568, 570; 84 NW2d 747 (1957).

 See, e.g., In re Wood Estate, 374 Mich 278, 288-290; 132 NW2d 35 (1965). See also Widmayer v Leonard, 422 Mich 280, 289; 373 NW2d 538 (1985); Brandt v C F Smith & Co, 242 Mich 217, 222; 218 NW 803 (1928); Dowagiac Mfg Co v Schneider, 181 Mich 538, 541; 148 NW 173 (1914); Vergin v City of Saginaw, 125 Mich 499, 503; 84 NW 1075 (1901); Cooley v Foltz, 85 Mich 47, 49; 48 NW 176 (1891); Cole v Lake Shore & M S R Co, 81 Mich 156, 161-162; 45 NW 983 (1890).

 See, e.g., MCR 2.613(A); Urben v Pub Bank, 365 Mich 279, 287; 112 NW2d 444 (1961); Macklem v Warren Constr Co, 343 Mich 334; 72 NW2d 60 (1955).