QUIGLEY v. YELLOW TAXICAB CO.

1. TRIAL — PLAINTIFF'S EVIDENCE CONSIDERED FAVORABLY WHEN DISPOSING OF DEFENDANT'S MOTION FOR DIRECTED VERDICT.
   In disposing of a motion for a directed verdict in favor of defendant, plaintiff's evidence must be taken as true and given a construction most favorable to plaintiff.

On evidence as to speed of automobile, see note in 34 L. R. A. (N. S.) 778.
On speed of automobile in street as negligence, see 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 993.
On duty of pedestrian before crossing street to look for automobiles approaching on intersecting street, see note in 9 A. L. R. 1248.

2. NEGLIGENCE — AUTOMOBILES — CROSSING ACCIDENT — EVIDENCE—
DIRECTED VERDICT.

In an action for personal injuries caused by defendant's
taxicab when it skidded into plaintiff as she was attempt-
ing to cross a city street at a street intersection, evidence
that defendant's car was being driven at a reckless rate
of speed considering the intersection and the traffic at
that point, and that the driver did not have it under
control, *held*, to justify presenting the question of de-
fendant's negligence to the jury.

3. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

Since plaintiff would have been safe where she stood
had not defendant's car skidded into her, it cannot be
said that she was guilty of contributory negligence as
a matter of law; she having a right to cross the street.

4. SAME—TRIAL—INSTRUCTIONS—DEGREE OF CARE REQUIRED.

Where there was no claim of plaintiff's incompetency due
to age, sex, intelligence, or physical infirmity, the degree
of care which she should exercise is ordinary care, such
care as persons of ordinary prudence would use under
similar circumstances, and it was therefore reversible
error for the trial court to instruct the jury that plain-
tiff could "only be held to that degree of care which may
reasonably be expected from one under the same con-
ditions, of the same age, sex, intelligence, and judgment."

Error to Wayne; Webster (Arthur), J. Submitted
October 5, 1923. (Docket No. 52.) Decided De-
cember 19, 1923.

Case by Mary E. Quigley against the Yellow Taxicab
Company for personal injuries. Judgment for plain-
tiff. Defendant brings error. Reversed.

*Monaghan, Crowley, Reilley & Kellogg,* for appellant.

*Dohany & Dohany,* for appellee.

MCDONALD, J. This action was brought to recover
damages for personal injuries received by the plaintiff
when struck by one of the defendant's taxicabs on
Grand River avenue, in the city of Detroit. The case
made by the plaintiff shows that as she was attempting

to cross Grand River avenue at its intersection with Bagg avenue and Sixth street, one of the defendant's taxicabs was coming down the street towards her at a speed of between 20 and 25 miles an hour, when it suddenly started to turn as if it were going onto Sixth street; that the street was wet and slippery and that the car skidded against her; that at the time of the accident she was using due care for her own protection, and that her injuries were due solely to the negligence of the defendant in operating its car in a careless and reckless manner and without having it under control as it approached the intersection of the street upon which she was standing. It is the contention of the defendant that the plaintiff was guilty of contributory negligence in that she was walking on the street in plain view of the approaching automobile without looking, and that she walked directly into its path; that the driver of the car, which was not running to exceed 8 or 10 miles per hour, did everything in his power to stop it and avoid hitting the plaintiff; that, because of the slippery condition of the street when he applied his brakes to avoid striking her, the car skidded and swung against her, causing the injury for which he was in no sense to blame.

At the close of the proofs the defendant presented a motion for a directed verdict, alleging as a reason therefor that the evidence did not disclose any negligence on the part of the defendant, but clearly established the contributory negligence of the plaintiff. The court denied this motion and submitted both questions to the jury. The plaintiff was given a verdict for $5,166.18. The defendant made a motion for a new trial assigning, amongst other reasons, that the verdict was against the great weight of the evidence and was excessive. The circuit judge denied this motion on condition that the plaintiff consent to a reduction of the verdict to $4,000. The consent was filed and the defendant has brought the case here by writ of error.

The first question presented by the record relates to the refusal of the circuit judge to direct a verdict for the defendant. A part of plaintiff's testimony bearing on the question of negligence is as follows:

"The taxicab as it approached Miss Quigley was coming right straight down Grand River; he was coming right down to where the safety zone is there and suddenly started to turn as if it was coming down Sixth street as I saw it going; it appeared as if it was going down Sixth street, then it skidded; the hind end swung to the left toward the church. As near as I can see, the hind end of the taxicab is what struck Miss Quigley and knocked her down, knocked her toward the curbstone in front of the church. I should judge the part of the taxicab that struck her was the left hind wheel and fender. * * * I should judge the taxicab was traveling between 20 and 25 miles an hour from the time I first saw it until the time it struck Miss Quigley. * * * .

"When I first saw her, she was standing in the north crosswalk on Bagg street in the intersection of the south crosswalk of Grand River avenue. * * * Miss Quigley was facing, as I saw her standing, up Grand River. I saw a taxicab; it came from up Grand River and was going down east; I should judge it was about 30 or 40 feet away from Miss Quigley when I first saw it. The taxicab skidded around to the left and the rear wheel, the rear left hand wheel at the left hand fender, striking Miss Quigley."

In determining whether the motion for a directed verdict should have been granted, the above testimony must be taken as true and given a construction most favorable to the plaintiff. It clearly shows that the defendant's car was being driven at a reckless rate of speed considering the intersection and the usual traffic at that point; that the driver did not have it under control; and that the plaintiff was injured by its skidding against her. It cannot be said that the operator of an automobile is using due care for the protection of pedestrians when he approaches a busy street intersection such as this at a speed

of 20 or 25 miles an hour on a rainy day, when the pavement is slippery and when he must know the dangers arising from the skidding of his car caused either by a sudden application of the brakes or by attempting to make a turn onto another street. As to the care which the plaintiff used, it does not appear what further she could have done to insure her safety unless she had remained on the sidewalk. She had a right to cross the street at this point, and to stand at the intersection where she would have been safe had not defendant's car skidded against her. These facts made a case for the jury. The court did not err in refusing defendant's motion.

It is also claimed that the court erred in instructing the jury as follows:

"In passing upon whether or not the plaintiff was guilty of contributory negligence, she can only be held to that degree of care which may reasonably be expected from one under the same conditions, of the same age, sex, intelligence and judgment."

At the time of the accident the plaintiff was about 68 years of age; she had lived in the neighborhood for some years, had traded at the stores along the street near the intersection in question, had frequently crossed the street at this point and was fully aware of the dangers to which she was exposed. There was no claim of incompetency due to age, sex, intelligence or physical infirmity. There was therefore no reason why a different or less degree of care should be required of her than of other persons of ordinary prudence. Yet, by this instruction, in determining her negligence, the jury was permitted to make allowance for her age, sex, intelligence and judgment. The degree of care which she must exercise is ordinary care, such care as persons of ordinary prudence would use under similar circumstances. It is not to be

measured by comparison with people of greater or less intelligence, but with people of ordinary intelligence. If she did not use ordinary care for her own safety she is not to be excused on account of her age, because she was neither too young nor too old to be unappreciative of the dangers to which she was exposed. Nor is sex any excuse for her carelessness.

"The rule of prudent regard for the rights of others knows nothing of sex. Neither can sex excuse anyone for the want of ordinary care when exposing one's self to known and obvious perils." *Hassenyer* v. *Railroad Co.*, 48 Mich. 205 (42 Am. Rep. 470).

There undoubtedly are cases where the instruction given might be proper, but this is not one of them. To what extent the instruction of the court may have been controlling in determining the question of contributory negligence, of course, we do not know. We cannot say that it was without influence on the verdict. The instruction was erroneous and constitutes reversible error.

The judgment is reversed, with costs to the defendant. New trial granted.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.