O'BRIEN *v.* LOEB.

1. INFANTS—NEGLIGENCE—PERSONAL INJURIES—NOT BOUND BY UN-AUTHORIZED SETTLEMENT.

In an action by an infant, by next friend, for damages for personal injuries received by him in a collision with defendants' automobile, testimony offered on behalf of defendants that they had made a settlement in full with plaintiff's mother, *held*, properly rejected, in the absence

of any evidence that the mother was authorized to bind plaintiff.[1]

2. SAME—NOT BOUND BY UNAUTHORIZED PERSON.

An infant is not bound by a contract made for him or in his name by another person purporting to act for him, unless such person has been duly appointed his guardian or next friend and authorized by the court to act and bind him.[2]

3. NEGLIGENCE—MOTOR VEHICLES—LIABILITY OF PARENTS.

In an action against a son and his parents for personal injuries caused by an automobile, driven by the son, where there was no evidence that the parents were the owners of the automobile at the time of the accident, and there was evidence that it was owned by another, the trial court was in error in refusing to direct a verdict in their favor.[3]

4. DAMAGES—MORTALITY TABLES—FUTURE DAMAGES LIMITED TO PRESENT WORTH.

Where the trial court permitted the jury to consider the plaintiff's expectancy of life, as shown by the mortuary tables, in determining future damages, the court should have limited his recovery to the present worth of such damages, with special instructions as to the method of ascertaining them.[4]

Error to Charlevoix; Gilbert (Parm C.), J. Submitted December 4, 1924. (Docket No. 107.) Decided December 31, 1924.

Case by James Franklin O'Brien, an infant, by his next friend, against Albert H. Loeb and others for personal injuries. Judgment for plaintiff. Defendants bring error. Reversed.

*Clink & Williams,* for appellants.

*J. M. Harris* and *Lisle Shanahan,* for appellees.

McDONALD, J. This action is brought to recover damages for injuries received in a collision between an automobile and a horse-drawn vehicle in which the

[1]Infants, 31 C. J. § 344; [2]Id., 31 C. J. § 184; [3]Parent and Child, 29 Cyc. p. 1665; [4]Damages, 17 C. J. § 386.

plaintiff was riding.    At the time of the accident
the plaintiff was 10 years of age.    At about 9:30
o'clock in the evening of August 5, 1920, he was riding
with his grandmother in a light wagon drawn by a
pony going westerly on Dixon avenue in the city of
Charlevoix.    The defendant Richard Loeb, driving a
five passenger Buick touring car, came along from
the rear and ran into the wagon.    The plaintiff was
thrown out and his injuries are alleged to be as
follows:    Fracture of the collar bone, deformity result-
ing therefrom, pain and suffering, shock to the nervous
system producing diseases of the head and throat, and
impairment of his mental faculties.    It is the plain-
tiff's claim that the accident was caused by the neg-
ligence of Richard Loeb in not having his car under
control and in not having it lighted so that he could
see vehicles ahead of him.    The defendant Richard
Loeb is the son of the other defendants.    They claim
that neither of them owned or had any interest in the
automobile, that Richard Loeb had borrowed it from
his brother, and at the time of the accident was using
it for his own pleasure and not for their benefit.    At
the close of the proofs counsel for the defendants moved
for a directed verdict in favor of the two defendants.
The motion was denied.    The plaintiff received a
verdict for $2,000.    The defendants bring error.

The record presents the following questions:

1. Did the court err in excluding evidence offered by
the defendants to show full accord and satisfaction?
On the trial the defendants offered to show that after
the accident and before the suit was begun they paid
to Ruth O'Brien, the mother of the plaintiff, a sum of
money in full settlement of his claim for damages
arising from the accident, and that they received a
receipt therefor signed by the mother in behalf of
the plaintiff, and that neither the plaintiff nor anyone
in his behalf had paid or tendered back the money
which they had paid for his use and benefit.    The

court refused to receive any evidence relating to the alleged settlement. In support of their contention as to the admissibility of such evidence counsel cite many decisions of this court relative to contracts of infants. The cases are not applicable. Here there was no contract by the infant. The transaction was carried on entirely with the mother, who was without authority to bind him in the release of his cause of action against the defendants.

"An infant is not bound by a contract made for him or in his name by another person purporting to act for him, unless such person has been duly appointed his guardian or next friend and authorized by the court to act and bind him." 22 Cyc. p. 584.

The court did not err in refusing to receive the testimony offered.

2. The second question relied on for a reversal of the judgment is the refusal of the court to direct a verdict as to the two defendants, Albert Loeb and Anna Loeb, on the ground that there was no evidence that they were the owners of the car at the time of the accident. We think the court erred in denying this motion. The plaintiff offered no direct evidence as to the ownership of the car. He relied solely on the presumption arising from the circumstances under which the car was used in the Loeb family. The defendants presented positive evidence of ownership in Ernest Loeb, who was not a party to the suit.

"Presumptions * * * lose all force and application when specific facts are shown" (citing 1 Elliott on Evidence, § 91). *Gillett* v. *Traction Co.*, 205 Mich. 410.

3. The court erred in failing to instruct the jury that the plaintiff was limited in his recovery to the present worth of his future damages. Having permitted the jury to consider the plaintiff's expectancy

of life as shown by the mortuary tables in determining future damages, the court should have limited his recovery to the present worth of such damages with special instructions as to the method of ascertaining them.    *Denman* v. *Johnston,* 85 Mich. 387.

The judgment is reversed, and a new trial granted. The defendants will have costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.