BRANDT *v.* C. F. SMITH & CO.

1. TRIAL—MEAGRE EVIDENCE WHERE UNDISPUTED SUFFICIENT TO TAKE QUESTION TO JURY.

Where, in an action for personal injuries, the evidence that defendant corporation was the owner of the store in which plaintiff was injured was undisputed, it was sufficient to take said question to the jury, although it was not as strong as might be wished.

2. PRINCIPAL AND AGENT—EVIDENCE.

Plaintiff's testimony that the man who hired him, and who was the only other person working in the store, was its manager, was competent on said question.

3. SAME — INFERENCE THAT MANAGER OF STORE WAS OWNER'S AGENT.

Where the jury found from meagre but undisputed evidence that defendant corporation owned the store in which plaintiff was injured, the inference would follow that the manager, in discharging his duties as such, was acting for the owner.

4. MASTER AND SERVANT—EMPLOYMENT FOR MONTHS RAISES PRESUMPTION THAT IT WAS WITH CONSENT OF OWNER.

The fact that plaintiff had been employed in defendant's store for three months at the time of his injury raises a presumption that he was so employed with the knowledge and approval of the owner or its agents.

5. EVIDENCE—FAILURE TO PRODUCE EVIDENCE WITHIN PARTY'S CONTROL RAISES PRESUMPTION AGAINST HIM.

Failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him; and every intendment will be in favor of the opposite party.

6. MASTER AND SERVANT—EVIDENCE—SUFFICIENCY.

Where, in an action for personal injuries by a boy 15 years and 4 months of age, there was tangible proof that defendant corporation was the owner of the store in which

[1]Evidence, 23 C. J. § 1791; [2]Agency, 2 C. J. § 689; [3]Id., 2 C. J. § 647; [4]Master and Servant, 39 C. J. § 1191; 7 L. R. A. (N. S.) 335; 48 L. R. A. (N. S.) 656; 18 R. C. L. 552; 3 R. C. L. Supp. 824; 5 R. C. L. Supp. 991; 6 R. C. L. Supp. 1074; [5]Evidence, 22 C. J. § 53; [6]Master and Servant, 39 C. J. § 1302.

plaintiff was injured, that the person who employed him was its manager, and that in so employing him the manager was acting within the scope of his agency, said issues were properly submitted to the jury.

7. APPEAL AND ERROR—TRIAL—ORDER OF PROOF WITHIN COURT'S DISCRETION.

The order of proof is within the reasonable discretion of the trial court, and its exercise is not subject to review, in the absence of a showing of abuse thereof.

8. SAME—MISCARRIAGE OF JUSTICE.

Assignments of error, held, untenable, where mostly based upon erroneous assumption; and, where no miscarriage of justice is shown, reversal may not be had (3 Comp. Laws 1915, § 14565).

9. SAME—DECLARATION AMENDED IN APPELLATE COURT TO SUSTAIN JUDGMENT CONFORMING TO PROOFS.

Where, in an action by a boy for personal injuries for the loss of an eye, the ad damnum clause of the declaration covered pain, suffering, and permanent loss of sight, if it was insufficient to include damage for pain of mind that comes from humiliation, which was submitted to the jury, it may be amended in the Supreme Court to conform to the proofs showing same.

10. DAMAGES—TRIAL—PERMANENT INJURIES—QUESTION FOR JURY.

Testimony held, sufficient to justify submitting to the jury the question as to whether plaintiff's injury was permanent.

11. SAME—FINDING OF JURY JUSTIFIED.

The finding of the jury that deformity and humiliation had resulted to plaintiff from the loss of an eye, held, justified by the testimony.

12. SAME—FUTURE DAMAGES—LONGEVITY.

Where there was testimony that, before the accident, plaintiff was a strong, healthy boy, his age was proven, and both he and his parents testified before the jury, thus affording an opportunity to observe their physical condition, it cannot be said that there was no evidence bearing upon the question of plaintiff's longevity.

[7]Appeal and Error, 4 C. J. § 2786; [8]Id., 4 C. J. § 3190; [9]Id., 4 C. J. § 2640; [10]Damages, 17 C. J. § 361; [11]Id., 17 C. J. § 340.

13. SAME—DUTY OF COURT TO INSTRUCT AS TO METHOD OF COM-
PUTING PRESENT WORTH OF FUTURE DAMAGES.

In charging the jury as to damages for future pain, suffer-
ing, and humiliation, it is the duty of the trial court to
instruct the jury as to the method of computing the present
worth of same.

14. APPEAL AND ERROR—DAMAGES—VERDICT REDUCED BY REMIT-
TITUR WHERE COURT FAILED TO INSTRUCT AS TO METHOD OF COM-
PUTING PRESENT WORTH OF FUTURE DAMAGES.

Where the trial court failed to instruct the jury as to the
method of computing the present worth of damages
awarded for future pain, suffering, and humiliation, result-
ing from the loss of an eye and drooping eyelid, but did
instruct them to reduce to present worth, on review, the
rights of defendant are protected by reducing the amount
from $10,000 to $8,000 rather than granting a new trial.

15. SAME—TRIAL—REMARKS OF COUNSEL.

Assignments of error based upon alleged prejudicial re-
marks of plaintiff's counsel, *held*, without merit.

16. MASTER AND SERVANT—PLEADING—DECLARATION — NATURE OF
ACTION.

Defendant's contention that the declaration is one for the
enforcement of a penalty for nonobservance of the statute
(chapter 100, Comp. Laws 1915, as amended) relating to
the employment of minors, rather than one for the recovery
of damages for personal injury, *held*, without merit.

17. DAMAGES—EXCESSIVE VERDICT.

A verdict for $10,000 in favor of a boy 15 years and 4
months of age for the loss of an eye and for damages
for future pain, suffering, and humiliation, which, on re-
view, is reduced to $8,000, cannot be said, as matter of law,
to be excessive.

Error to Wayne; Lamb (Fred S.), J., presiding.
Submitted January 10, 1928; resubmitted March 27,
1928.   (Docket No. 135.)   Decided April 3, 1928.

Case by Gerald Brandt, an infant, by his next friend,
against C. F. Smith & Company for personal injuries.

[13]Damages, 17 C. J. § 381; [14]Appeal and Error, 4 C. J. § 3150;
[15]Id., 4 C. J. § 2938; [16]Master and Servant, 39 C. J. § 1170;
[17]Damages, 17 C. J. § 453; 46 A. L. R. 1281.

Judgment for plaintiff.    Defendant brings error.    Affirmed, conditionally.

*Walter M. Trevor,* for appellant.

*Douglas, Barbour, Rogers & Moll,* for appellee.

NORTH, J.    This is a suit for damages as compensation for personal injury.    The plaintiff's declaration alleges that in 1923 he was employed in a store operated by the defendant company in the city of Detroit; that at the time of his injury he was 15 years and 4 months of age; that he was employed by the defendant without the latter complying with the provisions of chapter 100 of the Compiled Laws of 1915, as amended, the same being the statute which specifies the conditions under which a minor under 16 years of age may be employed. It is further alleged as the result of such illegal employment, and while in the discharge of the duties which were assigned to him by said defendant, the plaintiff sustained an injury whereby he lost the sight of his left eye and was caused great pain and suffering, and still experiences much pain and suffering. The defendant pleaded the general issue.

The proof discloses that the plaintiff worked under one Charles Barkman; that he was employed by Barkman and was paid by him in cash at the end of each week.    It is the claim of the plaintiff that Barkman, in his relations with the plaintiff, was acting as the agent of the defendant company, which is a Michigan corporation.    The plaintiff sustained his injury while attempting to open a wire-bound box of oranges. He severed the wire band by striking it with a hammer, and, as it broke, the wire struck him in the eye, resulting in the injury.    The plaintiff had a verdict in the sum of $10,000.

There are 18 assignments of error.    The first 11 for the most part are directly or indirectly concerned with the question as to whether or not

there was testimony to sustain the verdict incident to which the jury must have found that the store where plaintiff worked was owned by the defendant company; that Barkman was the agent of the defendant; and that the employment of the plaintiff was within the scope of Barkman's agency. The evidence on the question of ownership of the store is not as strong as might be wished, but whatever testimony there is tending to sustain this claim is wholly undisputed; and if such ownership is contrary to the fact, it is rather strange that the defendant should have declined to offer any proof which in any way would help the jury to ascertain the truth on this issue. The name of the defendant company appeared on the front window of the place of business, and was on containers of spices and coffees which were kept for sale in the store. The plaintiff had worked there about three months before his injury, and he testified that Barkman and he were the only persons who worked in the store; that Barkman was the store manager and hired plaintiff to work for the C. F. Smith Company. The defendant objected to plaintiff's testimony that Barkman was the store manager, but we can see no valid objection to this witness testifying as to his own observation and knowledge as to who was managing and controlling the operation of this store; and if from the rather meagre but undisputed evidence on that question the jury found that C. F. Smith & Company owned the store, the inference would follow that in discharging his duties as a manager Barkman was acting for C. F. Smith & Company; and the further fact that the plaintiff had been employed in this store for three months at the time of his injury surely raises a rather potent presumption that he was so employed with the knowledge and approval of the proprietor or its agents. Obviously the defendant could have met this showing if it was contrary to the fact, notwithstanding its claim that Barkman

could not be produced as a witness. Barkman's presence was by no means indispensable for this purpose. Defendant's officers and agents were presumably available as witnesses; and even its records doubtless could have been used to show to whom the defendant had sold its goods which were handled in this store, if it was not true that Barkman was selling them there as defendant's agent and manager. Failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him; and every intendment will be in favor of the opposite party. *Cole* v. *Railway Co.*, 81 Mich. 156; *Griggs* v. *Railway Co.*, 196 Mich. 258. The trial court would not have been justified in overlooking the proven facts and circumstances which remained uncontradicted and tended to sustain the plaintiff's claim; nor can we do so on the record here presented. There was tangible proof on each of these issues. They were properly submitted to the jury, and the defendant is bound by the verdict. Incident to the foregoing assignments of error, complaint is made about the order of proof, but this is a matter which was within the reasonable discretion of the trial court and the record in this case does not show any abuse of such discretion. *In re Bradley's Estate*, 223 Mich. 312. Error is also assigned on rulings of the trial court relative to the admissibility of certain items of testimony. Most of these assignments are based upon the erroneous assumption that there was no proof of Barkman's agency, and therefore are not tenable. We have given each of these alleged errors consideration and find they do not constitute ground of reversible error. 3 Comp. Laws 1915, § 14565.

Assignments of error 12 to 17, inclusive, relate to alleged irregularities in the charge of the court to the jury. It is asserted by the appellant that there was prejudicial error particularly in that portion of the charge wherein the court submitted to the jury the

question of damages for "deformity and humiliation" both for the period prior to the trial and "for what might occur for long years ahead, or such time as you are satisfied the boy will live, based on the proofs in the case." The claim is that there was neither an allegation nor proof of "humiliation," and that it allowed "the jury to go outside of the testimony and speculate on the longevity of plaintiff." The *ad damnum* clause of the declaration covers pain and suffering and permanent loss of sight; and if it can be said to be insufficient to include damage for the pain of mind that comes from humiliation, it can be amended in this court to conform to the proofs. *Atkinson* v. *Akin,* 197 Mich. 289. There was ample testimony to justify submitting to the jury the question as to whether plaintiff's injury was permanent in character; and both deformity and humiliation might well be found from such testimony as the following given by the plaintiff:

"The eyelid of the left eye seems to be drooping all the time. It will not stay open all the way. It seems to have lost its strength."

He testified that since his injury he wears glasses to relieve the nerves; that he has frequent headaches; and that he does not see as clearly as he used to out of the good eye. The question as to plaintiff's expectancy of life was not left as a matter of speculation for the jury, as urged in the appellant's brief. The charge expressly directed them to base their determination "on the proofs in the case." The record contains the testimony that the plaintiff was a strong, healthy boy before the accident; his age was proven; and both he and his parents testified before the jury, thus affording opportunity to observe their physical condition. It cannot be said there was no evidence in this record bearing upon the question of plaintiff's longevity.

Complaint is made relative to the failure of the trial

judge to definitely charge the jury as to the method of computing the present worth of damages awarded for future pain, suffering, or humiliation. Without quoting this part of the charge, it may be stated that the jury was instructed to reduce to present worth "based on five per cent." whatever amount was awarded as damages for future pain, suffering, or humiliation; but the method of so doing was not stated, as should have been done under the settled law of this State. In *Denman* v. *Johnston,* 85 Mich. 387, Chief Justice CHAMPLIN said that computing present worth presents problems "which the ordinary jury without special instructions as to the method of ascertaining them are hardly competent to grapple with." See, also, *O'Brien* v. *Loeb,* 229 Mich. 405. The plaintiff sustained his injuries in 1923, and the final adjudication of his rights ought not to be further delayed. We are of the opinion that a fair and more practical administration of justice in this case will be accomplished if the option is extended to the plaintiff to file a remittitur of damages in the amount of $2,000 rather than to subject him to the delay and expense of further litigation. We are satisfied that such a reduction of damages will fully protect the rights of the defendant, especially since the jury which fixed the amount of damages was instructed to apply the rule of reducing to present worth, and presumably in consequence thereof returned a verdict for a lesser amount than it would otherwise have done.

There are other assignments of error relating to remarks of plaintiff's counsel, which are claimed to have been prejudicial; and also the contention is made that the declaration is one for the enforcement of a penalty for the nonobservance of the statute rather than one for the recovery of damages for personal injury. There is no merit in either one of these contentions. Error is also assigned on the ground that the damages awarded were excessive. The amount

of the verdict, when reduced as hereinbefore specified, cannot be held to be excessive as a matter of law. If, within 30 days after filing this opinion, the plaintiff will remit the judgment down to $8,000, it will be affirmed in that amount, but without costs; otherwise a new trial will be granted, with costs to appellant.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.