NEEB v. JACOBSON.

MOTOR    VEHICLES—NEGLIGENCE—CONTRIBUTORY    NEGLIGENCE—DI-
   RECTED VERDICT.
      If a woman 57 years of age, in full possession of all of her
         faculties, who was about to cross a city street, failed to look
         to see if cars were coming, or if she looked and failed to see
         what was in plain sight, and was struck and injured by an
         automobile, she was guilty of contributory negligence as matter
         of law.

Error to Muskegon; Vanderwerp (John), J.   Sub-
mitted January 17, 1929.   (Docket No. 166, Calendar
No. 33,857.)   Decided March 28, 1929.

Case by Clara Neeb against William Jacobson for
personal injuries.   Judgment for defendant on a
directed verdict.   Plaintiff brings error.   Affirmed.

*Wetmore & Bagley,* for appellant.

*Alexis J. Rogoski,* for appellee.

POTTER, J.   Plaintiff sued defendant for damages
for injuries resulting from hitting her with his auto-
mobile.   There was judgment for defendant on di-
rected verdict, and plaintiff brings error.

Plaintiff charges she was injured while crossing
East Forest avenue in Muskegon, by defendant oper-
ating a Hudson sedan at an excessive rate of speed,
without brakes and without lights, off the traveled
portion of the highway, without his car being under
control.   Plaintiff claims she was in the exercise of
due care and caution and without fault or negligence.
The injury is alleged to have occurred October 23,
1926.   Plaintiff, at the time of the accident, was
about 57 years of age.   The night plaintiff was in-

As to duty of pedestrians to look out for automobiles in street,
see annotation in 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232;
38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179.
   On duty of pedestrians before crossing street to look for vehicles
approaching on intersecting street, see annotation in 9 A. L. R. 1248;
44 A. L. R. 1299.

jured was dark and rainy and the pavement slippery. There was no proof defendant was driving at an excessive rate of speed, without adequate brakes, or without lights, off the traveled portion of the road, and no evidence the injury occurred by reason of defendant's wanton or wilful misconduct. Plaintiff, between 6 and 7 o'clock in the evening in question, saw, before she was about to cross the street in question, a truck going in the opposite direction from that defendant was driving. She crossed about when this truck passed and was struck by defendant's car. She says she saw no car coming; she looked to see if there was any other car coming after the truck passed her; she did not remember where she was when the car struck her; she could not see where she was on the pavement at the time she was struck; after the truck passed she started north and that was the last she remembered. She did not remember doing anything else but just started ahead—just went on north; she did not remember which way she looked and that she did not see any lights. The court directed a verdict for defendant on the ground plaintiff was guilty of contributory negligence. In this we think he was correct. Plaintiff was in the full possession of all her faculties. Defendant was operating his car within the speed limit, with the lights on. Plaintiff was not struck by the front of the car, but apparently by its side. If plaintiff failed to look to see if cars were coming, she was guilty of contributory negligence. If she looked and failed to see what was in plain sight, she was guilty of contributory negligence. If she went across the street heedlessly, without knowing where she was, and ran into defendant's automobile, she was guilty of contributory negligence. If she did not listen or did not hear defendant's automobile by reason of carelessness and inattention, she was guilty of con-

tributory negligence. *Hutchins* v. *Sleigh Co.*, 61 Mich. 252; *Bedell* v. *Berkey*, 76 Mich. 435 (15 Am. St. Rep. 370); *Ramsay* v. *C. K. Eddy & Sons*, 123 Mich. 158; *Steger* v. *Immen*, 157 Mich. 494 (24 L. R. A. [N. S.] 246); *Larned* v. *Vanderlinde*, 165 Mich. 464; *Leary* v. *Traction Co.*, 171 Mich. 365 (45 L. R. A. [N. S.] 359); *Schock* v. *Cooling*, 175 Mich. 313; *Wilson* v. *Johnson*, 195 Mich. 94; *Hill* v. *Lappley*, 199 Mich. 369; *Quigley* v. *Yellow Taxicab Co.*, 225 Mich. 275; 29 Cyc. p. 513; 42 C. J. p. 1031; 45 C. J. p. 947.

As said in *Quigley* v. *Yellow Taxicab Co., supra:*

"There was no claim of incompetency due to age, sex, intelligence or physical infirmity. There was therefore no reason why a different or less degree of care should be required of her than of other persons of ordinary prudence. * * * The degree of care which she must exercise is ordinary care, such care as persons of ordinary prudence would use under similar circumstances. It is not to be measured by comparison with people of greater or less intelligence, but with people of ordinary intelligence. If she did not use ordinary care for her own safety she is not to be excused, on account of her age, because she was neither too young nor too old to be unappreciative of the dangers to which she was exposed. Nor is sex any excuse for her carelessness. * * * *Hassenyer* v. *Railroad Co.*, 48 Mich. 205 (42 Am. Rep. 470)."

Under any theory of the case presented, we think the trial court was correct, and the judgment is affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.