100

Tilden-Thurber Corporation
vs.
Flora M. Prescott

Eq. No. 10141

January 16, 1931.

HAHN, J. Heard on bill, answer and replication.

Complainant brings this bill, alleging that respondent gave a release on behalf of her minor daughter for all claims the daughter might have against complainant by reason of an accident in which she was injured by complainant's automobile. Respondent also agreed to protect complainant against any claim for damages on the part of her minor daughter, or any other party, growing out of the said injury and accident, and agreed to reimburse complainant for any loss or damage or costs, in the event of litigation.

A suit was then brought against complainant by the daughter, respondent acting as next friend, seeking $10,000 damages for the injuries growing out of the accident. Complainant asks that respondent be enjoined from prosecuting, managing, conducting or directing, directly or indirectly, the said action at law, or cause of action; and from causing or procuring by any means the said action or cause of action to be further prosecuted; and from lending any aid or assistance, etc. Also that respondent conformably to her agreement be compelled to reimburse complainant for all losses by reason of such action or any other litigation, including this suit.

Respondent answers that the release was given for her claim of damages not for that of Doris, and claims she did not know the indemnity paper she signed on her own behalf was such, but was given to understand it was a receipt and release of her own claims.

Respondent also claims that complainant has an adequate remedy at law. Complainant, however, claims that this objection to the bill now comes too late (after answer).

While the defence that complainant has an adequate remedy at law is not considered favorably when made so late, the rule in this State appears to be as follows:

"When a Court has no jurisdiction of a cause, it should stop at any point where the fact appears."

Hazard vs. Coyle, 22 R. I. 436.

Complainant's bill does not seek to restrain the daughter from prosecuting her action, or cause of action, but asks that because a mother, unfamiliar with legal and business matters, signed a release on behalf of her daughter for any claims the daughter might have against complainant, and also an indemnity agreement in which she agreed to pay, or make good to complainant, all damages, costs, etc., growing out of any litigation in the matter, that she thereby forfeited all her natural rights as a mother to aid, assist, manage, direct, counsel, or in any way help her own child to obtain its rights.

Respondent is shown to be in an inconsistent position but should it be said because she attempted, doubtless upon solicitation, to do that which she had no power to do, namely, sign legal papers on her daughter's behalf, that she has forfeited her natural rights as a mother and practically deprived her child of its rights?

The daughter, a child of tender years, claims through her mother to have a right of action against the complainant and has brought suit thereon. If prosecution of this suit is enjoined and the respondent enjoined from in any manner assisting her daughter in the present action, or cause of action, there will be no one to advise the child, Suit in all probability will never be brought because what stranger could be expected to come in and advise a child in relation to these matters, and so the entry of the injunction prayed for by the complainant would amount practically to a denial of justice to the

child who has not in any binding manner released the complainant from her right of action, and while the respondent undoubtedly knew what she was doing when she signed the release and the indemnity agreement, her act should not by indirection be allowed to deprive the daughter of her legal rights. Courts are loath to interfere with the parental rights and relation. Thus, where a mother agreed to let another family have her child and the parties sought to enforce the agreement, the Court said:

"* * * * A Court of law or of equity will not absolve the parent from her duty and the child from his filial obligation, unless the conduct of the parent is of such a character as to have forfeited all parental right, and the interests of the child, as well as the interests of the State, are best subserved by so doing, save only when the parent, unequivocally and unmistakably, has surrendered parental control in a manner authorized by law."

Beach vs. Bryan, 155 Mo. App. 33: 55, 60.

The action of the respondent in the case at bar in the opinion of the Court is not such as to deprive her of her parental rights, duties and control.

It seems only reasonable to conclude that if the indemnity agreement has given the mother the character of an adverse party, and an adverse party should not act as next friend for the person to whom his interests are adverse, her interest and rights as a mother and the natural next friend of her child well outweigh this.

Moreover, the release and settlement is not binding upon the child (O'Brien vs. Loeb, 229 Mich. 405; Blake vs. Corcoran, 211 Mass. 406) yet if complainant's prayers are granted enjoining action on the mother's part, the child, only ten years old, will to all intents and purposes be deprived of its rights since it can hardly be expected to act for itself.

Besides, the indemnity has not accrued as yet. The present suit is not against complainant but a voluntary action on his part for which respondent can hardly be called to pay, and the action at law is not yet concluded.

"The general rule, however, is that a Court of chancery cannot, anymore than a Court of law, compel an indemnitor to perform his covenant in advance of the happening of the contingency or event on which, by its terms, it is to be performed, as such a remedy would necessarily involve not the enforcement of the contract made by the party, but its modification by the Court, and its enforcement in that modified form."

14 Ruling Case Law, p. 58.

Prayers of complainant denied and the bill dismissed.

For complainant: Henshaw, Lindemuth and Baker.

For respondent: John L. Curran.