LEEDS *v.* MASHA.

1. EVIDENCE—FAILURE TO PRODUCE EVIDENCE WITHIN PARTY'S CON-
   TROL—PRESUMPTIONS.

   Failure to produce evidence within a party's control raises the
   presumption that, if produced, it would operate against him;
   and every intendment will be in favor of the opposite party.

2. AUTOMOBILES—TAXICABS—CONTROL—SPEED.

   It is the duty of a taxicab operator to have his car under con-
   trol and to drive not faster than is consistent with safety.

3. SAME—TAXICABS—NEGLIGENCE—CLEAR WEIGHT OF EVIDENCE—
   PAVEMENT—ICE.

   Trial court's finding that taxicab operator was negligent was
   not against the clear weight of the evidence, where there is
   testimony that the taxicab had skidded on the snow- and ice-
   covered pavement several times before the collision giving
   rise to nonjury actions for injuries to married woman.

4. DAMAGES—PERSONAL INJURIES—LOSS OF EARNINGS..

   Award of $2,000 to married woman was not an excessive amount
   for injuries sustained due to negligence of operator of taxi-
   cab in which she was a passenger, where she suffered an in-
   jury to her back, wore a harness or brace for at least 2 years
   and 3 months, had been gainfully employed at $1.72 per hour
   prior to the accident, did not work for a year after the acci-
   dent, is now unable to do all her own housework, including
   washing or heavy labor.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence, §§ 187, 190; 53 Am Jur, Trial, §§ 694,
    695.
[2] 5 Am Jur, Automobiles, § 259.
[3] 5 Am Jur, Automobiles, §§ 273, 275.
[3] Liability for damage or injury by skidding motor vehicle. 58
    ALR 264; 113 ALR 1002.
[4, 5] 15 Am Jur, Damages, § 205 *et seq.*
[6] 3 Am Jur, Appeal and Error, § 1043; 20 Am Jur, Evidence,
    §§ 565, 566; 53 Am Jur, Trial, § 482.

5. SAME—LOSS OF WIFE'S SERVICES.

> Award of $350 to husband of married woman who was injured while a passenger in defendants' taxicab was not excessive in view of her inability to carry on her services and housework.

6. APPEAL AND ERROR—COMPROMISE—STATEMENT IN PRESENCE OF COURT IN NONJURY TRIAL—DAMAGES.

> Statement of plaintiffs within hearing of trial court of an offer of compromise on the part of defendants *held*, not to have had any effect on the mind of the court where trial judge, sitting without a jury, stated, in denying motion for new trial, that he assessed the damages as he thought the testimony warranted, and amount awarded was in excess of compromise tendered.

Appeal from Wayne; Murphy (George B.), J. Submitted April 5, 1950. (Docket Nos. 14, 15, Calendar Nos. 44,622, 44,623.) Decided June 15, 1950.

Separate actions of case by Betty Jane Leeds and John Leeds against Thomas Masha and others for damages sustained as result of automobile accident. Cases consolidated for trial and appeal. Judgments for plaintiffs. Defendants appeal. Affirmed.

*Leo B. McTigue* and *Alexander, Cholette, Buchanan, Perkins & Conklin,* for plaintiffs.

*Edward N. Barnard,* for defendants.

REID, J. These 2 cases were consolidated on the trial and are submitted on appeal as consolidated. Plaintiff Betty Jane Leeds was a passenger in a taxicab which came into collision with another automobile and she sued for damages because of personal injuries. Plaintiff John Leeds sued for loss of his wife's services and for loss to the consortium. The cases were tried by the court without a jury. From a finding and judgment in favor of plaintiff in each case, the defendants appeal.

Defendant John W. Cooper at the time of the collision was driving the taxicab as the duly authorized agent and employee of the defendant Thomas Masha, the owner of the taxicab. Plaintiff wife, Betty Jane Leeds, boarded the taxicab in question and with her were her sister and brother-in-law, all 3 being passengers for hire. The cab proceeded along Third avenue, then west on Hancock and north on Hamilton avenues in the city of Detroit, at about 8 p.m., February 6, 1946. There had been a fall of sleet and light snow and the street was extremely slippery. The taxicab skidded on 2 or 3 occasions before the final skidding. Defendant Cooper was driving along the streetcar track. Just before the accident the cab was being driven at 20 to 25 miles per hour north on Hamilton and at the intersection with Blaine, it suddenly swerved or skidded from the direction in which it had been proceeding, turned westward on Hamilton, headed west, narrowly missed 1 car and another automobile coming south collided with it. The damage was not great to either of the 2 cars involved.

Plaintiff Betty Jane Leeds was sitting on the right-hand side facing forward and in the collision her knees went forward, striking the little seat next to the driver, and then she fell back in the car again and struck her head on the back of the seat. She testified that following the collision her back was very painful, she had contusions and an injury to the sacroiliac, that she was confined in bed for 3 or 4 weeks and it was 6 weeks before she was able to be out of the house. During the time she was confined in bed she was treated by a doctor. Dr. Merriman testified that plaintiff complained to him, as her attending physician, that she had severe pain in her back and that it was in the lower part of the back and that the witness concluded that it was a sacroiliac injury; that he suggested she be fitted with a

sacroiliac belt; that he continued to treat Mrs. Leeds for a period of time, and he thinks that she was confined to her bed more than 3 weeks; that when she tried to get up she had more pain and he suggested she continue to stay in bed. The doctor testified that a sacroiliac injury is quite painful in most instances.

Defendants claim that the showing as to negligence of the driver of the cab was insufficient. The defendant driver, Cooper, was not sworn as a witness and the defense stated no reason why he could not be produced as a witness. We think a fair inference arises (this being a civil case) that in some important particular Cooper's testimony would be unfavorable to the defense.

"Failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him; and every intendment will be in favor of the opposite party." *Brandt* v. *C. F. Smith & Co.* (syllabus 5), 242 Mich 217.

The testimony shows that the driver of the cab had been warned by his passengers of the slippery condition and must be presumed to have known of the slippery condition because it was slippery for some few blocks, at least while the plaintiff Betty Jane Leeds was riding as a passenger.

While defendants were not insurers of the safety of plaintiffs, still it was the duty of the driver of the car to have his car under control and although he was going very slowly before the final slipping and skidding of his car occurred, still it was the duty of the driver to drive not faster than consistent with safety.

We are convinced that under the circumstances of this case the "skidding" of the taxicab is at least some evidence of the negligence of the driver in driving faster than was consistent with safety and that therefore there was sufficient showing in the tes-

timony to justify a finding on the part of the court of defendant driver's negligence. We cannot say that the finding of negligence of the defendant is against the clear weight of the evidence and that finding on the part of the court is affirmed.

"It cannot be said that an operator of an automobile is using due care for the protection of pedestrians when he approaches a busy street intersection such as this at a speed of 20 or 25 miles an hour on a rainy day, when the pavement is slippery and when he must know the dangers arising from the skidding of his car caused either by a sudden application of the brakes or by attempting to make a turn onto another street." *Quigley* v. *Yellow Taxicab Co.,* 225 Mich 275, 278, 279.

There is testimony to the effect that plaintiff Betty Jane Leeds suffered much pain and was confined to her home for 6 weeks. She wore a harness or brace from the time of the accident until the time of the trial.* Previous to the accident she was gainfully employed at $1.72 per hour, but after the accident she did not work for 1 year and is now unable to do all her own housework, including washing or heavy labor. Under all the showing on the part of the plaintiff, the finding of $2,000 is not an excessive award of damages to plaintiff Betty Jane Leeds.

We further find that the award to plaintiff husband, John Leeds, of $350 because of his wife's inability to carry on her services and housework is not excessive.

Defendants complain that plaintiffs stated in the hearing of the court during a conference between counsel and the court an offer of compromise on the part of defendants. While it is conceded by plaintiffs that such remark, something to the effect that the case could be settled for $1,750, was made in the

---

* The trial was held in November, 1948.—REPORTER.

hearing of the court, still it is the claim of plaintiffs that this statement was made in response to an incorrect statement made by defendants' counsel. Upon the disposition of a motion for a new trial in which the statement to the court as to the proposed compromise was stated as grounds for a new trial, the court certified that he assessed damages as he thought the testimony warranted. Plaintiffs claim that the damages awarded by the court for plaintiff Betty Jane Leeds of $2,000 and for John Leeds of $350 is evidence that the court was not accepting or being swayed by any statement as to an offer on the part of the defendants to pay $1,750. Under all the circumstances, we feel constrained to accept the trial judge's statement that he assessed the damages as he thought the testimony warranted. We do not consider that the statement as to the offer of compromise had any effect on the mind of the court.

The judgments appealed from are affirmed, with costs in favor of the plaintiffs.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.