Mary J. WATKINS, Plaintiff
and Appellee,

v.

Albert EBACH, Defendant and Appellee,

and

Kathryn L. Arch, Defendant
and Appellant.

No. 12653.

Supreme Court of South Dakota.

Argued Nov. 14, 1979.

Decided April 23, 1980.

Edward M. Blando, Cedar Rapids, Iowa, for plaintiff and appellee.

Thomas G. Fritz of Lynn, Jackson, Shultz, Ireland & LeBrun, Rapid City, for defendant and appellee Albert Ebach.

William J. Srstka, Jr. of Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, for defendant and appellant, Kathryn L. Arch.

WOLLMAN, Chief Justice.

This is an appeal from a judgment based on a jury verdict in favor of plaintiff following a three-car collision. We affirm.

While on her way to work on the evening of January 30, 1976, plaintiff stopped at a stop sign at the intersection of Monroe Avenue and Wells Street (Highway 34) in Pierre. As appellant, who had approached on Monroe Avenue on the opposite side of the highway, attempted to cross the highway her car was struck by respondent Ebach's pickup truck, which was westbound on Highway 34, and sent careening into plaintiff's automobile. A jury returned a verdict against appellant in the amount of $68,000. Ebach was found not liable.

Appellant contends that the court erred in failing to give a present value instruction, in allowing a police officer to give his opinion regarding fault, and in denying appellant's motion for new trial or for remittitur based upon the excessiveness of the verdict.

Appellant argues that the court violated the general rule that the jury must be instructed to reduce any loss of earning capacity to present cash value. The instruction given by the court is derived from *Davis v. Holy Terror Min. Co.*, 20 S.D. 399, 107 N.W. 374 (1906), and has been reaffirmed as the law in South Dakota in *Allen v. Martley*, 77 S.D. 133, 87 N.W.2d 355 (1958), and *Weidner v. Lineback*, 82 S.D. 8,

140 N.W.2d 597 (1966).[1] Although it is true that this court has never held that the trial court must give a present value instruction regarding loss of future earnings, we think that this requirement should now be imposed.

■ We agree with the prevailing rule that damages for loss of future earnings should be reduced to present value. See, e. g., *O'Brien v. Loeb*, 229 Mich. 405, 201 N.W. 488 (1924); *Ossenfort v. Associated Milk Producers, Inc.*, 254 N.W.2d 672 (Minn. 1977); *Osborne v. Bessonette*, 265 Or. 224, 508 P.2d 185 (1973) (see cases cited at n. 1, p. 187); *Brodie v. Philadelphia Transportation Company*, 415 Pa. 296, 203 A.2d 657 (1964); *Kramer v. Chicago, M., St. P. & P. R. Co.*, 226 Wis. 118, 276 N.W. 113 (1937); *Borzea v. Anselmi*, 71 Wyo. 348, 258 P.2d 796 (1952); 22 Am.Jur.2d, Damages § 96 (1965); Annots., 77 A.L.R. 1439, 1445 and 154 A.L.R. 796, 799. This has long been the law in actions brought under the Federal Employers' Liability Act. See, e. g., *Chesapeake & O. R. Co. v. Kelly*, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117 (1916); *Beanland v. Chicago, Rock Island & Pacific Railroad Co.*, 480 F.2d 109 (8th Cir. 1973). Cf. *Norfolk & Western Railway Co. v. Liepelt*, —— U.S. ——, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980).

We conclude, however, that although an appropriate instruction on present value should be given upon request in a proper case, the record did not support the giving of such an instruction in the instant case. Appellant offered no testimony upon which the jury could have made an intelligent decision on reducing the award for loss of future earnings to present value. In commenting upon the complexity of applying the present value rule, the Supreme Court of Pennsylvania stated:

> The involved process of reducing future losses to their present worth has, undoubtedly, led to confusion and guesswork verdicts. Reason, logic and fairness would, therefore, dictate that enlightenment is necessary. Such can be provided, at least in part, by permitting the use of accepted tables or the testimony of a qualified expert, who can compose the proper computations. A precise, analytical calculation, properly supported by other evidence, will naturally reduce the confusion and greatly enhance the possibility of correct and just results. Verdicts based on speculation and emotional reactions will have less cause to occur. Moreover, the amount of future damages warranted by the evidence and the law in a given case is a mathematical fact. There is no logical reason why it should not be established by proof like other relevant facts.

*Brodie v. Philadelphia Transportation Co.*, 203 A.2d at 660. Likewise, in *Russell v. City of Wildwood*, 428 F.2d 1176 (3rd Cir. 1970), the Court of Appeals for the Third Circuit held that in the absence of any evidence and guidance regarding the application of a present value instruction, a jury verdict could not stand.

We agree with these holdings. Accordingly, the judgment will not be reversed for the trial court's refusal to give the requested instruction.[2]

---

1. "Such sum as will compensate plaintiff reasonably for whatever loss of earning capacity you find that she has suffered as a result of her injury." 1 S.D. Pattern Jury Instructions, 30.-07–1(A) (1968).

2. We offer no opinion on the adequacy of appellant's proposed instruction, which would have advised the jury to consider "the present cash value of such sum also as will compensate plaintiff reasonably for whatever loss of earning capacity you find that she has suffered as a result of her injury." Two examples of present value instructions are Illinois Pattern Jury Instruction 34.02 (1971) and E. Devitt & C. Blackmar, Federal Jury Practice & Instructions § 85.13 (3rd Ed. 1977). Illinois Pattern Jury Instruction 34.02 reads:

> In computing the damages arising in the future [because of injuries] [because of future (medical) (caretaking) expenses] [or] [because of the loss of future earnings] you must not [simply multiply the damages (by the length of time you have found they will continue) (or) (by the number of years you have found that the plaintiff is likely to live)]. Instead, you must determine their present cash value. "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the [damages] [expenses] [and]

Appellant argues that the investigating officer should not have been allowed to express his opinion regarding the cause of the accident because he was not an eyewitness and because his opinion invaded the province of the jury by stating a conclusion upon a point in issue. Appellant argues that because South Dakota did not adopt Rule 704 of the Federal Rules of Evidence,[3] which allows testimony embracing an ultimate issue, the officer's statement that appellant was at fault should have been excluded by the trial court. We agree. The cause of the accident was a question for the jury to determine. No expert testimony was required on this issue, nor was the officer's testimony offered as such. This testimony was not so inherently prejudicial as to require reversal, however, in view of the fact that there was little or no question but that appellant had in fact crossed the highway in the face of Ebach's on-coming vehicle. Although appellant attempted to establish that Ebach may have been traveling at an excessive rate of speed, there is no evidence to support such a contention. Indeed, appellant herself testified that she did not see Ebach's vehicle before she pulled away from the stop sign, nor did she remember whether she looked to her right or left before attempting to cross the highway. Given the state of the record, appellant has not established that the jury might and properly would have returned a different verdict had the officer's testimony not been admitted. Accordingly, no prejudicial error has been shown. *Alberts v. Mutual Service Casualty Insurance Co.*, 80 S.D. 303, 123 N.W.2d 96 (1963).

Appellant contends that the verdict is excessive. We do not agree. Plaintiff suffered a displacement of the matatarsus bone in her left foot, which required a closed reduction operation under general anesthesia. She spent six days in the hospital, three months in a cast, was confined to crutches for three more months, and six months after the crash could walk without crutches but not without pain and difficulty. She can no longer engage in her former employment, that of serving as a waitress at a local fraternal organization and assisting a local caterer in serving private dinners and receptions, work that she enjoyed. She must now wear corrective shoes. She suffers from arthritis of the injured foot

[earnings] at the time in the future when [the damage from the injury will be suffered] [the expenses must be paid] [or] [the earnings would have been received].

Damages for [pain and suffering] [disability] [and] [disfigurement] are not reduced to present cash value.

E. Devitt & C. Blackmar, § 85.13, reads:

If the jury should find that the plaintiff is entitled to a verdict, and further find that the evidence in the case establishes either: (1) a reasonable likelihood of future medical expense, or (2) a reasonable likelihood of loss of future earnings, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damage, since the award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.

Under these circumstances, the result is that the plaintiff will in effect be reimbursed in advance of the loss, and so will have the use of money which he would not have received until some future date, but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of money representing a lump-sum payment of anticipated future loss, the law requires that the jury discount, or reduce to its present worth, the amount of the anticipated future loss, by taking (1) the interest rate or return which the plaintiff could reasonably be expected to receive on an investment of the lump-sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from, the total amount of anticipated future loss whatever that amount would be reasonably certain to earn or return, if invested at such rate of interest over such future period of time; and include in the verdict an award for only the present-worth—the reduced amount—of the total anticipated future loss.

As already explained to you, this computation is readily made by using the so-called "present-worth" tables, which the Court has judicially noticed and received in evidence in this case.

3. "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Rule 704, Federal Rules of Evidence.

and is thereby kept from participating in activities she formerly enjoyed, such as hiking and dancing. Improvement of her condition is unlikely. In fact, the orthopedic surgeon who examined her concluded that her disability would increase in the future and that surgery to correct her condition would prove futile.

Although the award may be generous, in light of all the evidence, including the factors of clear liability, demonstrated physical injury, impairment of earning capacity, physical pain and suffering and emotional distress, the verdict is not excessive. The motion for new trial was properly denied. *Reindl v. Opitz*, 88 S.D. 223, 217 N.W.2d 873 (1974).

The judgment is affirmed.

All the Justices concur.